UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANIYA R.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C21-1159 TLF

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of her application for Title II disability insurance benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the undersigned AFFIRMS the Defendant's decision to deny benefits. Plaintiff's motion for extension of time to file a reply (Dkt. 15) is GRANTED.

I.    ISSUES FOR REVIEW

1.  Did the ALJ err in evaluating the medical opinion evidence?

2.  Did the ALJ properly assess Plaintiff's symptom testimony?

II.    BACKGROUND

Plaintiff filed applications for DIB on May 17, 2016, alleging a disability onset date of January 10, 2015. AR 213. Plaintiff's application was denied initially and upon

reconsideration. AR 86, 90. ALJ Eric S. Basse held a hearing on March 14, 2018. AR 401. On September 19, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. AR 4. The Social Security Appeals Council denied Plaintiff's request for review, but the matter was remanded by the District Court on May 6, 2020. AR 460. A second hearing was held on June 2, 2021, before ALJ Laura Valente. AR 419. ALJ Valente denied Plaintiff's claim on June 16, 2021. AR 398.

Plaintiff seeks judicial review of the ALJ's June 16, 2021, decision. Dkt. 1.

III.    STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). This requires "more than a mere scintilla" of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014); *Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely.

IV.    DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The Commissioner assesses a claimant's residual functional capacity (RFC) to determine, at step four of the process, whether past relevant work can be performed, and, if necessary, to determine at step

five whether the claimant can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). At step five, the ALJ has the burden of proof, which can be met by showing a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(e), 416.920(e).

In this case, the ALJ found that Plaintiff had the severe impairments of borderline personality disorder and gender dysphoria. AR 404. Further, the ALJ found that through the date last insured, Plaintiff had the RFC to perform a full range of work at all exertional levels but certain limitations, including that Plaintiff can have superficial and occasional interaction with the general public, can work in the same room as coworkers but not in coordination with them, can set occasional workplace goals, and can adapt to routine workplace changes. AR 407. Thus, the ALJ concluded that Plaintiff was capable of performing past relevant work as a Carpet Layer Helper and was not under a disability from January 10, 2015, through December 31, 2015. AR 413.

A.  Whether the ALJ Properly Evaluated the Medical Opinion Evidence of Dr. Laffin

Plaintiff contends that the ALJ erred in evaluating the opinion of examining psychologist Dr. Dana Laffin and therefore, the ALJ's determination of Plaintiff's RFC is incorrect. Dkt. 8 at 3. The ALJ gave "little weight" to Dr. Laffin's opinion for the following reasons: (1) Dr. Laffin's letters were written after the date of last insured and described the Plaintiff's ongoing and then current functioning as of the date of the letter; (2) Dr. Laffin relies on Plaintiff's self-reports rather than her own personal observations of Plaintiff's symptoms; and (3) Dr. Laffin's opinions are undermined by Plaintiff's medical records. AR 410.

In assessing an acceptable medical source (for applications submitted before the 2017 change in rules) – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983))

Plaintiff has been a patient of Dr. Laffin since 2014. AR 372. She provided letters regarding Plaintiff's symptoms. In the first letter, dated March 1, 2018, Dr. Laffin stated that Plaintiff experienced symptoms of Bi-Polar Disorder, including mania, agitation, racing thoughts, distractibility, excessive talkativeness, and periods of sadness, and loss of motivation. AR 372. Plaintiff was reluctant to run errands alone due to high anxiety and struggles with completing normal daily life tasks. *Id.* Further, her symptoms of Borderline Personality Disorder resulted in "high conflict exchanges" in her personal relationships, with acquaintances and with strangers in public. *Id.* As a result, Dr. Laffin opined that Plaintiff's impairments could extend to a work environment and could make performance, productively and consistent attendance problematic. *Id.*

In the second letter, dated December 10, 2018, Dr. Laffin stated that after Plaintiff was diagnosed with Mood Disorder/Depression and Borderline Personality Disorder in 2015, Plaintiff began experiencing significant distress and/or impairment in

"important areas functioning, such as in occupational, academic and social settings." AR 10.

And, on May 24, 2021, Dr. Laffin discussed progress Plaintiff's progress in her relationships and in her ability to decrease her symptoms when they intensify. AR 638. Dr. Laffin stated that although progress was happening, Plaintiff still struggled with completing average daily tasks; thus, Dr. Laffin opined that it would be difficult for Plaintiff to integrate work schedules and work-related duties. AR 639. When her symptoms escalate, Dr. Laffin opined that Plaintiff would need to take extra breaks, leave early, or require days off to recover before returning. *Id.*

First, with respect to the ALJ's first reason, Plaintiff's date last insured was December 31, 2015. AR 409. To be entitled to disability insurance benefits, a claimant "must establish that her disability existed on or before" the date her insured status expired. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998); *see* 42 U.S.C. § 423(a) (providing that every claimant "insured" for disability insurance benefits and "under a disability" will be entitled to benefits).

This does not mean that evidence post-dating the date last insured cannot be considered. It can be, to the extent it shows Plaintiff's condition existed, and the symptoms and limitations, before that date. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("it is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded *solely* on that basis" (emphasis added)). Here, the ALJ did not give reduced weight to Dr. Laffin's opinion solely because her letters were dated at least three years after Plainitff's date last insured. As discussed below, the ALJ also

determined that Dr. Laffin's opinion relied too heavily on Plaintiff's self-reports and was undermined by Plaintiff's medical records.

Second, the ALJ notes that Dr. Laffin relied heavily on Plaintiff's subjective complaints and self-report rather than her own personal observations of Plaintiff. The Ninth Circuit has clarified that professional assessment of mental illness necessarily analyze a patient's self-reports. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). The Court in *Buck* held that an ALJ errs when she relies on a claimant's discredited subjective reporting as a basis for rejecting the "objective measures" of a psychologist's evaluation, such as a clinical; interview or mental status exam.

Here, the ALJ did not rely on Plaintiff's self-reporting as the sole basis for giving little weight to Dr. Laffin's opinion. Rather, the ALJ additionally found Dr. Laffin's opinion was undermined by the treatment record, as discussed below. Further, unlike in *Buck* where the examining psychologist relied on the Plaintiff's self-report to a lesser degree than present here, an independent review of Dr. Laffin's assessment reveals her opinion was heavily premised on Plaintiff's self-reported allegations. *See Buck*, 869 F.3d at 1049 (noting the psychologist's opinion was influenced only by the claimant's self-report that he had trouble keeping a job). Therefore, the ALJ did not err in giving little weight to Dr. Laffin's assessed limitations to the extent they were based on Plaintiff's properly discounted symptom allegations.

Finally, the ALJ found that Dr. Laffin's opinions were undermined by Plaintiff's medical records. AR 409. Plaintiff's medical records showed that she consistently presented with full orientation, good insight and judgment, and normal memory. AR 306; 650; 664. Dr. Laffin also describes Plaintiff's reports of difficulties with activities of daily

1   living and with others, and then suggests that because the Plaintiff cancelled

2   appointments, she would be unable to maintain a regular work schedule. AR 410.

3   However, Dr. Laffin's treatment notes did not suggest that most of Plaintiff's

4   appointments were cancelled due to psychiatric symptoms; rather, they were canceled

5   for other reasons, such as illness, car problems and traffic. AR 410. Further, Plaintiff's

6   medical records prior to December 2015 show that Plaintiff's had "normal mood and

7   affect", she had "good judgment" and normal memory. AR 306; 650; 664.

8          Accordingly, the ALJ gave specific and legitimate reasons to discount Dr. Laffin's

9   opinions, and substantial evidence supports those reasons.

10          II. Whether the ALJ properly evaluated Plaintiff's symptom testimony

11          Plaintiff argues that the ALJ improperly discounted her subjective complaints of

12   disability. The ALJ pointed out, for example, that while Plaintiff testified that she could

13   not drive anywhere on her own as of January 2015, she also reported in July 2016 that

14   she was able to go out and operate alone. AR 408-09. She did not report any difficulties

15   with driving. Further, the ALJ acknowledged that there were situational stressors, such

16   when Plaintiff's gender dysphoria became known to her family, that likely led to an

17   increase in psychiatric symptoms. AR 408.

18          But, the ALJ also noted that symptoms experienced in the context of situational

19   stressors are not indicative of the Plaintiff's baseline functioning, and these situational

20   stressors were the main reasons Plaintiff identified herself as disabled in 2016. Despite

21   some difficulties, Plaintiff still completed law school before her onset date of disability,

22   moved to a new state, bought a house, was looking for work and transitioned to her

23   sexual identity at this time. *Id*. Plaintiff argues that even though she wanted to work, this

24

25

1    was not indicative of an actual ability to sustain employment. Dkt. 8 at 18. However,

2    seeking employment while allegedly disabled is a proper ground for discounting

3    Plaintiff's testimony. *See Bray v. Astrue*, 554 F.3d 1219, 1227 (9th Cir. 2009).

4        Mental health conditions may lead to strained personal relations or other life

5    stressors, the Court is not inclined to opine that one has caused the other based only on

6    the fact that they occur simultaneously. *Compare Bryant v. Astrue*, 2012 WL 5293018,

7    at *7 (W.D. Wash. Sept. 24, 2012), *report and recommendation adopted*, 2012 WL

8    5293016 (W.D. Wash. Oct. 26, 2012) ("Although the Court agrees with the ALJ that the

9    record reflects some exacerbation of plaintiff's mental health symptoms in response to

10   stress, the Court cannot agree with the ALJ's finding that these situational stressors are

11   isolated and sporadic events that have exacerbated plaintiff's mental health symptoms

12   only temporarily. On the contrary, the record suggests a continuum

13   of situational stressors in plaintiff's life which affect her ability to cope in a way that

14   allows her to work on a regular and continuing basis.

15   Plaintiff's argument that chronic situational stressors are typical for her dependent

16   personality disorder, and do not indicate a lack of credibility on her part, is therefore

17   well-taken.").

18        In this case the ALJ noted instances in the medical records in which providers,

19   including Dr. Laffin, identified Plaintiff's symptoms as being caused by issues in her

20   personal life. "When evidence reasonably supports either confirming or reversing the

21   ALJ's decision, we may not substitute our judgment for that of the ALJ." *Ghanim v.*

22   *Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). Based on the evidence in this case, the

23

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 8

Court concludes that the ALJ's finding that "situational stressors" frequently contributed to Plaintiff's symptoms was a valid reason to discount Plaintiff's subjective complaints.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 2nd day of June, 2022.

_Theresa L. Fricke_

Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 9